IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD NEVILLE, Inmate #K78239, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE HONORABLE DENNIS L. )<br>SCHWARTZ and ANTHONY P. LIBRI, )<br>JR., )<br>)<br>Defendants. ) | CIVIL NO. 04-770-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Defendants in this case are, respectively, a circuit court judge in Sangamon County, Illinois, and the clerk of court in that same county. The subject matter of the complaint is the ongoing litigation of an unspecified case in that circuit court. Apparently Plaintiff is dissatisfied with the speed at which the state court has acted upon his case, yet he was unable to inspire the Illinois Supreme Court to compel swifter action. Therefore, he now asks this Court to intervene, something this Court will not do, because this Court does not have jurisdiction over this matter.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Bruken v. Lance*, 807 F.2d 1325, 1330 (1986) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982)). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37, (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998). *See also Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) (under the Rooker-Feldman doctrine, a lower federal court does not have jurisdiction to review actions or decisions of state courts).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: September 14, 2006**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**